**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Michelle Rene Thomas, et al.,
Plaintiffs,
v.
Esteban Lopez, et al.,
Defendants.

No. CV-26-00520-PHX-KML

**ORDER**

Plaintiffs Michelle Thomas and Raven Lopez believe they were wrongly denied ownership of a house on tribal land. The court dismissed their previous complaint with limited leave to amend. They have now amended, adding new plaintiffs, dropping several defendants, and bringing entirely new claims. But the amended complaint must be dismissed without leave to amend because the court now lacks subject-matter jurisdiction and amendment would be futile.

"A federal court can decide cases only when it has subject matter jurisdiction." *Shamrock Dev. Co. v. City of Concord*, 656 F.2d 1380, 1384 (9th Cir. 1981). Courts may dismiss an action sua sponte for lack of subject-matter jurisdiction without following any additional procedures. *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003).

There are two kinds of subject-matter jurisdiction: (1) diversity jurisdiction and (2) federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Neither applies here.

A court has diversity jurisdiction when no plaintiff and no defendant are citizens of

the same state and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiffs' newly amended complaint states "Plaintiffs and the Defendants are all individuals that reside in Maricopa county." (Doc. 55 at 3.) The diversity jurisdiction statute speaks of citizenship, not residency. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). But based on the allegations in the complaint and in prior complaints, it appears near certain that some plaintiffs and defendants are, in fact, all citizens of Arizona. *See Cuero v. Lachappa*, No. 04cv1755-L(BLM), 2005 WL 8260713, at *1 n.2 (S.D. Cal. June 5, 2013) (Native Americans domiciled within borders of a state are citizens of that state, even when domiciled on reservation land). Complete diversity is therefore lacking.

Federal-question jurisdiction is also absent. Generally, a court has federal-question jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). But the amended complaint does not raise any federal issues, instead bringing a litany of what appear to be state law claims for conversion, wrongful eviction, trespass to chattels, civil conspiracy, infliction of emotional distress, unjust enrichment, and "stolen and missing property."[1] (Doc. 55 at 2–3.) The court therefore lacks subject-matter jurisdiction. And because it is not apparent that the lack of subject-matter jurisdiction could be cured by alleging other facts, granting Walker leave to amend again would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); Fed. R. Civ. P. 15(a)(2).

/

/

/

/

[1] Plaintiffs' amended complaint hints at raising a federal claim, but they intentionally removed it when they amended. (*Compare* Doc. 17 at 7 (asserting a "[v]iolation[ ] of the rights equal protection of its laws or deprive any person of liberty or property without due process of law, the right to be heard, the right to be secure in their persons house and papers"), *with* Doc. 55 at 1–5 (amended complaint does not contain that language) *and* Doc. 55 at 16–17 (square-bracketing that language, indicating a deletion).) As the court previously indicated (Doc. 51 at 8–9), such claims would fail if they had been re-asserted.

Accordingly,

**IT IS ORDERED** the amended complaint (Doc. 55) is **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**. The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 23rd day of November, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**